UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| EMERSON ELECTRIC CO., | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) Case No. |
| FLEXTRONICS INTERNATIONAL USA, INC., | ) ) ) ) ) |
| Defendant. | ) |

**VERIFIED COMPLAINT**

Plaintiff, Emerson Electric Co. ("Emerson" or "Plaintiff"), as and for its Complaint against defendant, Flextronics International USA, Inc. ("Flextronics" or "Defendant"), alleges as follows:

**NATURE OF THE ACTION**

1. This is a breach of contract action to redress the harm that Flextronics has caused and is continuing to cause Emerson as a result of Flextronics' breach of its contractual obligations to Emerson under a letter agreement Flextronics entered into in connection with its potential purchase of Emerson's Embedded Computing & Power business (the "Business"). A true and accurate copy of the letter agreement, dated March 11, 2013 (the "NDA"), is attached hereto as Exhibit A and incorporated herein by reference.

2. In the NDA, Flextronics agreed, among other things and as a condition of receiving confidential, competitively valuable information from Emerson about the Business, not to solicit or hire certain employees of the Business for a two-year period after the agreement. Flextronics breached the clear terms of this provision of the NDA by soliciting for employment

4488774

1

and hiring James Nathan Vince ("Vince"), the former Group Vice President of the "Embedded Power" portion of the Business, as the President of Flextronics' "Flex Power" business.

3. Emerson seeks enforcement of the non-solicitation and no-hire provisions and all other remedies against Flextronics for its breach, including an order barring Flextronics from hiring Vince, and awarding Emerson its attorney fees and costs incurred in enforcing its rights under the NDA as set forth in the NDA.

## PARTIES

4. Emerson is a Missouri corporation with its headquarters and principal place of business in St. Louis County, Missouri.

5. Emerson is a global manufacturing and technology company. Emerson offers a wide range of products and services in the areas of process management, climate technologies, network power, storage solutions, professional tools, and industrial automation. Emerson markets its products and services through various corporate brand platforms, including Emerson Network Power. Emerson Network Power offers product technology as well as engineering and project management services for power backup systems, precision cooling, and connectivity technologies for data centers, telecommunications networks, and other applications.

6. Flextronics is, upon information and belief, a California corporation with its headquarters and principal place of business in Los Angeles County, California.

7. Like Emerson, Flextronics is a global leader in design, manufacturing, distribution and aftermarket services. Its High Velocity Solutions business group includes: its mobile devices business, including smart phones; its consumer electronics business, including game consoles and wearable electronics; and its high-volume computing business, including various supply chain solutions for notebook personal computing ("PC"), tablets, and printers. Flextronics' Flex Power business includes high efficiency high density switching power supplies

and has a product portfolio that includes chargers for smartphones and tablets, adapters for notebooks and gaming, and power supplies for server, storage and networking markets.

## JURISDICTION AND VENUE

8.  This is an action between citizens of different states. The amount in controversy, exclusive of interest and costs, exceeds $75,000. Therefore, jurisdiction is proper pursuant to 28 U.S.C. § 1332.

9.  Venue is based on 28 U.S.C. § 1391. Emerson is Missouri corporation with its principal place of business in Missouri. The NDA was drafted in Missouri; much of the confidential information made available to Flextronics under the NDA came from Emerson in St. Louis; and Emerson in St. Louis would not have allowed Flextronics to have access to Emerson's confidential information regarding the Business but for Flextronics signing the NDA. Further, the harm that has been and will be caused by Flextronics' breach of the NDA will be felt by Emerson in Missouri. Finally, Flextronics is licensed to do business in Missouri and, upon information and belief, regularly conducts business in the State.

## FACTUAL BACKGROUND

### Emerson and Flextronics Agree to the NDA

10.  In 2012, Emerson began a process for the sale of the Business. Emerson and Flextronics entered into the NDA in connection with Flextronics' interest in the Business as a potential buyer. The Business offers an extensive portfolio of products used globally in a variety of electronic devices, including telecommunication, computing, healthcare and industrial applications. The embedding computing side of the Business is and was primarily involved in the design, manufacture, sale and servicing of microprocessor-based boards and systems with base operating software and customized software programming supporting specific customers' applications, generally running on an open hardware platform and designed to be embedded

4488774                                       3

within a product or system without human end-user commands for telecommunication, military, aerospace, government, medical and automation applications. The embedded power side of the Business (the "Embedded Power Division") is and was primarily involved in: (1) analog and digital application-specific and customized power conversion and control products embedded within products or systems designed or manufactured by original equipment manufacturers, original design manufacturers, electronic manufacturing services and system integrators for computing, data storage, networking, telecommunication, industrial, medical and other applications, including AC-DC power supplies, rectifiers, DC-DC converters, power shelves; board mounted voltage regulator modules, envelope tracking modules, DC power distribution units, controllers and battery interface units; (2) AC-DC chargers and DC-DC converters for on-board electric vehicle applications; and (3) external AC-DC power supply adapters for light emitting devices, notebook computers, printers, and mobile phone applications.

11. Pursuant to the NDA, Emerson agreed to give Flextronics (defined to include one or more of its subsidiaries or affiliates) and its respective Representatives (defined to include those persons and their subsidiaries, parents, directors, officers, employees, agents and their legal, accounting and financial advisors to whom certain, specified, confidential information was provided or who were otherwise aware of the evaluation contemplated in the NDA) access to certain confidential information about the Business.

12. As a condition to the NDA, Flextronics agreed to treat in confidence certain information received from Emerson about the Business, and all notes, analyses, compilations, studies, interpretations or other material prepared by Flextronics or its representatives pursuant to the NDA (the "Evaluation Material").

13. The NDA by its terms is governed by New York law.

14. Pursuant to the NDA, Flextronics recognized and acknowledged the competitive value of the Evaluation Material and the damage that could result to Emerson, if the Evaluation Material was used or disclosed, except as authorized by the NDA.

15. Pursuant to the NDA, Flextronics was with limited exception barred for two (2) years from the date of the NDA from, directly or indirectly, soliciting for employment or hiring "any person who is now employed by Emerson or the Business whom [Flextronics] or its Representatives meet during the evaluation of the Possible Transaction or about whom [Flextronics] or its Representatives receive Evaluation Material or who is currently employed by the Business in an executive, technical, sales or marketing position."

16. Pursuant to the NDA, Flextronics agreed that money damages would not be a sufficient remedy for any breach of the NDA by Flextronics or its representatives and that Emerson would be entitled to injunctive relief, specific performance and/or any other appropriate equitable remedies for the breach or threatened breach of the NDA, without the requirement of proof of actual damages or posting of a bond or other security. Flextronics further agreed that "[i]n the event of any litigation arising under [the NDA], the prevailing party shall be entitled to recover its reasonable attorneys' fees and cost incurred therein."

17. In furtherance of and reliance upon Flextronics' agreement in the NDA, Emerson provided Flextronics with confidential information and permitted teams of Flextronics personnel access to information about the Business — including specifically information about Vince and his role, duties and responsibilities with the Business. In addition, in furtherance of and reliance upon Flextronics' agreement in the NDA, Emerson allowed Flextronics personnel to meet with Vince as part of their analysis of the evaluation contemplated in the NDA, and to learn about his skills and abilities.

18. Flextronics did not purchase the Business. On or about November 22, 2013, Emerson sold 51% of its interest in the Business to another entity, while retaining approximately a 49% interest in the Business. The Business now operates as Artesyn Embedded Technologies ("Artesyn"). Vince continued to work for the Business after the sale as an employee of Artesyn or its related entities, through on or about January 6, 2014.

**Vince's Employment with Emerson and the Business**

19. At the time Flextronics and Emerson entered into the NDA, Vince was the Group Vice President of the Embedded Power Division and had worked for Emerson in the Business for approximately twenty years.

20. As Group Vice President of the Embedded Power Division, Vince's duties and responsibilities included executive-level oversight and responsibility for achieving sales, profitability and operational objectives. Among other things, Vince oversaw the direction, development and execution of the Embedded Power Division's sales, project and service-related strategies and functions, and established and maintained high-level customer relationships, including with key customers of the Business.

**Flextronics' Violations of the NDA**

21. At the time the NDA was executed, Vince held a significant role in the Business and, by virtue of his position, had access to highly confidential and competitively valuable information concerning the Business, its products, customers, strategies, policies and procedures, including regarding: short- and long-term planning, marketing and sales strategies; target and growth market areas; profitability; pricing; costs; sales; research and development; customer preferences and requirements; key vendors; technologies; personnel planning and evaluations; forecasting and forecasting techniques; industry segmentation; product synergies and overlap;

cost-reduction efforts, processes and strategies; key customer and target project pursuit strategies and pricing information; global and regional sales; sales trends; productivity summaries; capital planning; growth plans and strategies; market penetration and expansion strategies; and new product development information and strategies.

22. Emerson gave Flextronics information about the Business, including information about Vince and his role with the Business, in consideration of its agreement to abide by the obligations set forth in the NDA.

23. Similarly, Emerson permitted Flextronics to meet with Vince in connection with its evaluation of the Business in consideration of its agreement to abide by the obligations set forth in the NDA.

24. Upon information and belief, in late 2014 and/or early 2015, Flextronics solicited and interviewed Vince for potential employment as President of its Flex Power business.

25. Upon information and belief, Flextronics has offered Vince a job as President of Flextronics' Power Solutions business. Vince has also indicated that he is the new President of that business. As of January 26, 2015, however, Emerson is not aware of any Flextronics announcement regarding Vince's hiring.

26. Upon information and belief, Flextronics directly and/or indirectly solicited Vince for employment or hire at Flextronics.

27. Upon information and belief, Flextronics' direct and/or indirect solicitation of Vince for employment or hire at Flextronics, and its hiring of him, were in breach of the NDA.

28. The NDA between Emerson and Defendant specifically sought to prevent Flextronics from soliciting or hiring certain employees of the Business for a two-year period. That period remains in effect through March 11, 2015.

29. Flextronics' solicitation and hiring of Vince breaches its obligations under the NDA and will harm Emerson in at least several ways. For example, by virtue of his employment with Emerson in connection with the Business, Vince had significant customer relationships and goodwill and confidential and competitively-valuable information about the Business which he could exploit to divert customers and opportunities away from the Business, now operated by Artesyn, to Flextronics. Since Emerson is still approximately a 47% owner of the Business, Emerson will be harmed and damaged by Flextronics' soliciting and hiring of Vince in violation of the NDA, and this harm and damage cannot be fully or adequately compensated through monetary damages.

### FIRST CAUSE OF ACTION - BREACH OF CONTRACT

30. Plaintiff repeats and re-alleges each and every allegation contained in all of the preceding paragraphs with the same force and effect as if fully set forth at length herein.

31. Plaintiff and Defendant are both parties to and are bound by the NDA.

32. At all times relevant to this action, Plaintiff complied with all of its obligations under the NDA.

33. Upon information and belief, in breach of the NDA, Defendant directly and/or indirectly solicited Vince to accept an offer of employment with Defendant.

34. Upon information and belief, Defendant's direct and/or indirect solicitation of Vince to accept an offer of employment with Defendant was a breach of the NDA.

35. Upon information and belief, in breach of the NDA, Defendant has hired Vince in breach of the NDA.

36. Plaintiff has and will continue to suffer irreparable harm, injury and damage, due to Defendant's breach of the NDA that cannot be fully adequately compensated through monetary damages, but which are well in excess on $75,000.

37. As a result of Defendant's breaches of the NDA, Plaintiff is entitled to injunctive relief, compensatory damages in an amount to be proven at trial, and an award of attorneys' fees and costs incurred in connection with this action.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests the Court grant the following relief to Plaintiff:

A. Enjoin Defendant and its subsidiaries or affiliates from directly or indirectly soliciting for employment or hiring any person (including specifically Vince) who was employed by Emerson or the Business whom Flextronics or its Representatives met during the evaluation contemplated in the NDA or about whom Flextronics or its Representatives received certain, specified information or who was employed by the Business in an executive, technical, sales or marketing position at the time the NDA was executed.

B. Enjoin Defendant and its subsidiaries from using the Evaluation Materials as defined in the NDA in any manner inconsistent with the terms and conditions of the NDA.

C. Award Plaintiff damages against Defendant in an amount to be determined at trial for damages that include, but are not limited to, expenses, lost profits and costs associated with Flextronics' violations of the NDA.

D. Award Plaintiff attorneys' fees, costs and disbursements associated with bringing this action;

E. Award Plaintiff pre- and post-judgment interest; and

F. Award Plaintiff such further and separate other relief as the Court deems just and equitable.

Dated: January 27, 2015

Respectfully submitted,

**BRYAN CAVE LLP**


By: /s/ Mark S. Deiermann
    Mark S. Deiermann, MO #31521
    Daniel M. O'Keefe, MO #45819
    Kimberly A. Mohr, MO #54067
    One Metropolitan Square
    211 North Broadway, Suite 3600
    St. Louis, Missouri 63102-2750
    Telephone: (314) 259-2000
    Facsimile: (314) 259-2020

ATTORNEYS FOR PLAINTIFF
EMERSON ELECTRIC CO.

## DECLARATION

I, Alan Mielcuszny, being of lawful age, hereby declare under penalty of perjury, as follows:

1. I am making this Declaration under 28 U.S.C. § 1746.

2. I am the Vice President – Development for Emerson Electric Co.

3. The facts alleged in the Verified Complaint are based upon matters known personally to me and/or on information provided by others, and are true and correct to the best of my knowledge, information and belief.

*[signature]*
Alan Mielcuszny