**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| EMERSON ELECTRIC CO., | : | Case No. 15-cv-00192 |
| | : | The Honorable Henry Edward Autrey |
| Plaintiff, | : | |
| v. | : | |
| | : | |
| FLEXTRONICS INTERNATIONAL USA, INC., | : | |
| | : | |
| Defendant. | : | |

**MEMORANDUM OF LAW IN SUPPORT OF**
**DEFENDANT FLEXTRONICS INTERNATIONAL USA, INC.'S MOTION TO**
**TRANSFER TO THE UNITED STATES DISTRICT COURT FOR THE**
**SOUTHERN DISTRICT OF NEW YORK**

Defendant Flextronics International USA, Inc. ("Flextronics") submits the following Memorandum of Law in support of its Motion to Transfer to the United States District Court for the Southern District of New York pursuant to 28 U.S.C. §1404(a).

## I.    INTRODUCTION

The Court should transfer Plaintiff's Complaint to the United States District Court for the Southern District of New York because it sued Flextronics in the wrong forum.  Plaintiff entered into an agreement with Flextronics under which it agreed to enforce the agreement's terms, and to seek any remedy for a breach thereof, in federal and state courts of New York.  Because Plaintiff's Complaint is based on a dispute arising under the parties' agreement, the Court should transfer this action to the Southern District of New York under 28 U.S.C § 1404(a).

## II.    SUMMARY OF RELEVANT FACTS

On January 27, 2015, Plaintiff Emerson Electric Co. ("Emerson") filed a Complaint

alleging Flextronics breached its contractual obligations under a letter agreement between the parties (the "Agreement"). Compl. ¶ 1.[1] According to Emerson, Flextronics breached its contractual obligations "by soliciting for employment and hiring James Nathan Vince," a former Emerson employee. Although Emerson cites several provisions of the Agreement throughout its Complaint, it conspicuously fails to mention that the parties agreed to litigate disputes arising under it in New York:

> 11. <u>Governing Law</u>. This Agreement shall be governed by and construed and enforced in accordance with the laws (both substantive and procedural) of the State of New York, without giving effect to its conflict of laws principles or rules. ***Each party hereby agrees to personal jurisdiction and proper venue in the federal and state courts of New York, New York with respect to any action to enforce this Agreement, or for any remedy for breach thereof***.

*See* Exhibit A attached hereto. Emerson does not contend Flextronics "forced" or "tricked" it into entering the parties' Agreement. Nor does Emerson contend this provision was the result of "fraud" or "overreaching." Indeed, the provision was prepared by Emerson counsel and the Agreement at issue bears Emerson letterhead.

## III.    ARGUMENT

"When the parties have agreed to a valid forum-selection clause, a district court should ordinarily transfer the case to the forum specified in that clause. Only under ***extraordinary circumstances unrelated to the convenience of the parties*** should a § 1404(a) motion be denied." *Atl. Marine Constr. Co. v. U.S. Dist. Court for W. Dist. of Tex.*, 134 S. Ct. 568, 581 (2013).

---

[1] Plaintiff attached a copy of the Agreement to its Complaint at Exhibit 1. For the Court's convenience, Flextronics also attaches a copy of it hereto as Exhibit A.

This action should be transferred to the Southern District of New York under 28 U.S.C. § 1404(a)[2] for the simple reason that the parties agreed to litigate their claims in New York. The Agreement plainly states that "[e]ach party hereby agrees to personal jurisdiction and proper venue in the federal and state courts of New York, New York with respect to any action to enforce this Agreement, or for any remedy for breach thereof." Exhibit A. Immediately preceding this sentence is a provision stating that the Agreement "shall be governed by and construed and enforced in accordance with the laws (both substantive and procedural) of the State of New York." *Id.* The Southern District of New York—on a virtually identical set of provisions—held the forum-selection to be valid, enforceable, and mandatory. *Cambridge Nutrition A.G. v. Fotheringham*, 840 F. Supp. 299, 301 (S.D.N.Y. 1994).

In light of the Agreement's New York forum-selection clause, the only question this Court must answer is whether there is anything "extraordinary" about this case that weighs against transfer. *Atl. Marine Constr. Co.*, 134 S. Ct. at 581. The answer is no: there is nothing extraordinary about this case that weighs against transfer.

Indeed, while *Atlantic Marine* held that courts should still consider certain "public interest" factors in deciding a motion to transfer under 28 U.S.C. § 1404(a), it made clear that even those factors "will rarely defeat a transfer motion" with "the practical result ... that forum-selection clauses should control except in unusual cases." 134 S. Ct. at 574. Public-interest factors "may include the administrative difficulties flowing from court congestion; the local interest in having localized controversies decided at home; and the interest in having the trial of a diversity case in a forum that is at home with the law. The court must also give some weight to

---

[2] In *Atlantic Marine*, the Supreme Court clarified that the proper procedure for enforcing a valid forum-selection clause is a motion to transfer under § 1404(a). 134 S. Ct. at 579.

the plaintiffs' choice of forum." *Id.* Here, Plaintiff does not—and cannot—show these "public interest" factors weigh against transfer.

First, Plaintiff presents no "administrative difficulties" in having the Southern District of New York decide this case. There are none. Indeed, Judge Jackson enforced a forum-selection clause, and transferred a case to the Southern District of New York, just several months ago. *Union Elec. Co. v. Energy Ins. Mut. Ltd.*, 2014 WL 4450467, at *6 (E.D. Mo. Sept. 10, 2014) ("Plaintiff has not presented any evidence that administrative difficulties or court congestion will be a significant factor if this case is transferred to the Southern District of New York and this factor is given no weight.").

Second, there is no "local interest" in having this Court decide this case. As Judge Jackson observed, "[a]ll states have an equal interest in ensuring that parties abide by their contractual agreements." *Union Elec. Co.*, 2014 WL 4450467, at *6.

Third, this is not a forum "at home with the law." Indeed, the Agreement provides that New York law governs. This factor also weighs in favor of transfer.

In sum, there are no extraordinary circumstances in this case that weigh against transfer. Accordingly, the Court should enforce the parties' Agreement and transfer this action to the Southern District of New York.

## IV.    <u>CONCLUSION</u>

Plaintiff sued Flextronics in the wrong forum. The parties agreed to litigate disputes arising under it in federal and state courts of New York. Accordingly, the Court should transfer this action under 28 U.S.C. §1404(a) to the Southern District of New York.

Dated:  January 30, 2015                    BEHR, McCARTER & POTTER, P.C.

By:  /s/ *Jason W. Kinser*
     Jason W. Kinser, 53936MO
     7777 Bonhomme Ave, Suite 1400
     St. Louis, Missouri 63105
     (314) 862-3800
     (314) 862-3953 (facsimile)
     jkinser@bmplaw.com

     *Attorneys for Defendant*

## CERTIFICATE OF SERVICE

I certify that on January 30, 2015, I filed the foregoing Memorandum of Law in Support of Flextronics International USA, Inc.'s Motion to Transfer to the United States District Court for the Southern District of New York using the Court's CM/ECF system, which will send e-mail notification of the filing to Plaintiff's Counsel. These documents are available for viewing and downloading via the CM/ECF system.

/s/ *Jason W. Kinser*